ORIGINAL

ECF

FILED
SEP 26 2003
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally recognized Indian Tribe,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 03-2244C

## COMPLAINT

Plaintiff Confederated Tribes of the Grand Ronde Community of Oregon for its complaint here alleges as follows:

### Nature of Action

1. This breach of contract action arises under the Indian Self-Determination and Education Assistance Act, Pub.L. 93-638, 88 Stat. 2203 (1975), codified as amended at 25 U.S.C. §§ 450-450n (the "Indian Self-Determination Act") and the Contract Disputes Act, Pub.L. 95-563, 92 Stat. 2383 (1978), codified as amended at 41 U.S.C. §§ 601-613.

### Parties

2. Plaintiff Confederated Tribes of the Grand Ronde Community of Oregon (hereinafter "the Tribe") is a federally recognized Indian tribe, recognized as such by the United States pursuant to the Grand Ronde Restoration Act, Pub.L. 98-165, 97 Stat. 1064 (1983), codified at 25 U.S.C. §§ 713-713g.

3. Defendant United States of America acting through the Indian Health

Service of the U.S. Department of Health and Human Services (hereinafter the "United States" or "IHS") has entered into various contracts with the Tribe under the Indian Self-Determination Act, as more fully set forth herein.

**Jurisdiction**

4. This Court has jurisdiction over the Tribe's claims pursuant to 25 U.S.C. §§ 450m-1(a) & (d) and 28 U.S.C. § 1491(a). This is an action for money damages arising under an express contract with the United States, entered into pursuant to the Indian Self-Determination Act.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

5. The Tribe realleges paragraphs 1 through 4 above.

6. Under the Indian Self-Determination Act the United States provides a means by which Indian tribes, including the Tribe, may assume the operation of various programs, including health care programs, the United States otherwise would administer for the benefit of Indian tribes.

7. Effective on or about October 1, 1988, the defendant, acting by and through the IHS, entered into two contracts with the Tribe numbered 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 and 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 (herein collectively referred to as "the Contracts"). Under the Contracts the Tribe agreed to operate certain federal health care programs for the United States. The Contracts were modified from time to time and no less than annually, in order to extend the period of contract performance. As used herein, the term Contracts includes all such modifications through fiscal year 1993 ("FY1993"), including all funds added to said Contracts through FY1993, whether or not by formal contract modifications.

8. Under the Indian Self-Determination Act and the Contracts, IHS was required to pay the Tribe (i) all costs of furnishing health care for certain purposes as specified in the Contracts, in amounts determined pursuant to 25 U.S.C. § 450j-1(a)(1) (referred to herein as "direct program costs") and (ii) all "contract support costs" required by the Tribe to manage the Contracts and ensure compliance with all contract requirements and applicable federal law, in amounts determined pursuant to 25 U.S.C. §§ 450j-1(a)(2), (3) and (5).

9. Most of the Tribe's contract support costs required to operate the Contracts are known as indirect costs, and are comprised of a pro rata share of the Tribe's total "indirect cost pool" supporting the administration of all the Tribe's activities. The pro rata share of the Tribe's indirect cost pool allocable to the Contracts is expressed as an "indirect cost rate." At all relevant times the Tribe's indirect cost rate was established by the Office of Inspector General of the U.S. Department of the Interior (hereinafter "OIG"), pursuant to applicable circulars issued by the Office of Management and Budget. The dollar amount of the Tribe's indirect cost pool to be allocated to the Tribe's Contracts with IHS in FY1993, and thus to be paid by IHS in FY1993, was determined by application of the Tribe's indirect cost rate for FY1993 to the direct program costs paid under the Contracts that year.

10. On or about December 18, 1992, the Tribe and the United States, acting through the OIG, entered into an Indirect Cost Negotiation Agreement which identified an indirect cost rate for FY1993 of 56.2%.

11. Under the Contracts, the Indirect Cost Negotiation Agreement, and the Indian Self-Determination Act, in FY1993 IHS was required to pay the Tribe, as

indirect contract support costs, the amount determined by multiplying the Tribe's direct program costs paid under the Contracts (less certain exclusions) by the Tribe's indirect cost rate of 56.2%.

12. In FY1993 IHS failed to pay in full the indirect costs the Tribe was entitled to receive under the Contracts and the Indian Self-Determination Act. On information and belief, part of the reason for this failure is that IHS added certain program funds to the Contracts in the course of FY1993, but failed to calculate and pay the appropriate indirect costs associated with those additional program funds.

13. IHS's failure to pay the Tribe's contract support cost requirements, including indirect costs, associated with activities performed by the Tribe under the Contracts in FY1993 resulted in a contract support cost underpayment that damaged the Tribe in an amount not less than $85,751, plus interest.

14. On or about September 6, 2001, the Tribe submitted a timely and properly certified claim to recover damages of $85,751 arising out of the events described in this Complaint.

15. On or about September 27, 2002, defendant's contracting officer denied the Tribe's damages claim. On information and belief, the Tribe received actual notice of the defendant's denial of the Tribe's claim on or about September 30, 2002.

**PRAYER FOR RELIEF**

WHEREFORE, The Tribe demands judgment against the United States, as follows:

1. On the Tribe's First Claim for Relief, the sum of eighty five thousand, seven hundred and fifty one dollars ($85,751.00), such other damages as may be

proven in this action, interest under the Contract Disputes Act and plaintiff's fees, costs and disbursements; and

2. Such other relief as the Court deems just.

Respectfully submitted this 26th day of September 2003.

Lloyd B. Miller by William R. Perry
William R. Perry

Lloyd B. Miller, Esq.
SONOSKY, CHAMBERS, SACHSE,
MILLER & MUNSON, LLP
900 West 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 258-6377
Facsimile: (907) 272-8332

*Counsel of Record for Plaintiff*
*Confederated Tribes of the Grand Ronde*
*Community of Oregon*

Of Counsel:

Rob Greene, Esq.
Stephen Kelly, Esq.
The Confederated Tribes of the Grand Ronde
Community of Oregon
615 Grand Ronde Road
Grand Ronde, Oregon 97347
Telephone: (503) 879-2339