IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally recognized Indian Tribe, Plaintiff, | ) | |
| v | ) | No. 03-2244C (Judge Williams) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO STAY
THE FILING OF A RESPONSE TO THE COMPLAINT

Pursuant to Rules 1 and 7(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court stay defendant's obligation to file a response to plaintiff's complaint. Defendant's response to the complaint is currently due on November 25, 2003. At the time of this filing, plaintiff's counsel has represented to defendant's counsel of record that plaintiff concurs in this motion.

On July 3, 2003, the United States Court of Appeals for the Federal Circuit issued its decision in Thompson v. Cherokee Nation of Oklahoma, 334 F.3d 1075 (Fed. Cir. 2003). In Cherokee, as in the above-captioned case, a central issue is whether the Indian Health Service ("IHS") breached contracts under the Indian Self-Determination and Education Assistance Act ("ISDA") by restricting payment of plaintiff's contract support costs. In Cherokee, the Federal Circuit held that the Secretary of Health and Human Services ("the Secretary") was contractually obligated

to pay the appellee tribe's full contract support costs because congressionally appropriated funds were available to the Secretary.[1] Cherokee, 334 F.3d at 1086-1088. The Cherokee decision directly affects most of the issues in the above-captioned case because, like the plaintiff in Cherokee, plaintiff's complaint here concerns the availability of funds to the Secretary for payment of plaintiff's indirect contract support costs. Complaint ¶¶ 11-13.

As a result of the Federal Circuit's recent decision in Cherokee, the United States is considering whether to petition the Supreme Court of the United States for a writ of certiorari. Accordingly, defendant requests that a stay of this case be granted by this Court until further review of Thompson v. Cherokee Nation of Oklahoma is precluded by the Department of Justice deciding not to petition the Supreme Court for a writ of certiorari, or until the Supreme Court resolves the matters presented by the United States' petition for certiorari in Thompson v. Cherokee Nation of Oklahoma.

A stay of proceedings in this case is within the power and discretion of this Court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Accordingly, in the interest of efficiency and to best utilize our resources, we request that the filing of

---

[1] The Federal Circuit in Cherokee explicitly disagrees with the holding of cases in the Ninth and Tenth Circuit on this issue. Cherokee, 334 F.3d at 1086-1087, 1090.

a response to plaintiff's complaint be delayed until after the resolution of Thompson v. Cherokee Nation of Oklahoma.

For the foregoing reasons, defendant respectfully requests that the Court grant our unopposed motion to stay defendant’s obligation to file a response to plaintiff's complaint pending resolution of Thompson v. Cherokee Nation of Oklahoma. If the Court grants this motion, the parties will file a status report with the Court regarding the status of the United States' petition for certiorari in Thompson v. Cherokee Nation of Oklahoma, on or before 60 days after the date of this Court's order upon this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ ROBERT E. KIRSCHMAN
ROBERT E. KIRSCHMAN
Assistant Director

OF COUNSEL:

ALEX M. AZAR II
General Counsel

PAMELA K. PARKER
Regional Chief Counsel

JAY L. FURTICK
Assistant Regional Counsel
United States Department of
Health and Human Services

S/ KELLY B. WEISS
KELLY B. WEISS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Department of Justice
Tel.: (202) 307-1011
Fax.: (202) 514-8624

November 25, 2003

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this the ___ day of November, 2003, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S UNOPPOSED MOTION TO STAY THE FILING OF A RESPONSE TO THE COMPLAINT" addressed as follows:

Lloyd B. Miller, Esq.
Sonosky, Chambers, Sachse,
Miller & Munson, LLP
900 West 5th Avenue, Suite 700
Anchorage, AK 99501

________________________________