IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONFEDERATED TRIBES OF THE<br>GRAND RONDE COMMUNITY OF OREGON,<br>a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-2244C<br>(Judge Williams) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits.

3. Admits the allegations contained in paragraph 3 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 3.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Defendant's responses to paragraphs 1 through 4 of the complaint are incorporated by reference.

6. Admits the allegations contained in paragraph 6 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in the first and second sentences of paragraph 7 to the extent supported by the Contracts, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 7. Admits the allegations contained in the third sentence of paragraph 7 to the extent supported by the cited contract modifications, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 7. The allegations contained in the fourth sentence of paragraph 7 constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first and second sentences of paragraph 9. Admits the allegations contained in the third and fourth sentences of paragraph 9 to the extent supported by the Indirect Cost Negotiation Agreement, dated December 18, 1992, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the Indirect Cost Negotiation Agreement, dated December 18, 1992, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the cited documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by plaintiff's letter dated September 6, 2001, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in the first sentence of paragraph 15. Denies the allegations contained in the second sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 15, or to any relief whatsoever.

17. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

18. Plaintiff's claim is barred by the doctrine of laches.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ DONALD E. KINNER
DONALD E. KINNER
Assistant Director

S/ KELLY B. BLANK
KELLY B. BLANK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 353-7578
Fax: (202) 353-7988

Attorneys for Defendant

Of Counsel:
JAY L. FURTICK
Assistant Regional Counsel
Office of General Counsel
Department of Health and Human Services

November 14, 2005

CERTIFICATE OF FILING

I hereby certify that on November 14, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK