IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally recognized Indian Tribe, | ) | |
| Plaintiff, | ) | |
| v | ) | No. 03-2244C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this joint preliminary status report ("JPSR").

a. Jurisdiction

Neither party has identified any reason to question the Court's jurisdiction at this time.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated?

The parties agree that trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

At this time, the parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal. The plaintiff notes that there is pending in the District of New Mexico a putative class action involving the federal government's failure to pay all tribal contractors' contract support cost requirements between 1993 and the present. *See Pueblo of Zuni v. Leavitt, et al.*, No. 01-1046cv. The plaintiff is a

putative class member in the *Zuni* case. The parties in *Zuni* are currently finishing class discovery and no motion for class certification has yet been filed.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

The parties agree that no additional parties will be joined.

g. Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56?

After sufficient discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56.

h. What are the relevant factual and legal issues?

Plaintiff's Issues:

(1) Whether, under the Indian Self Determination Act and Contract Nos. 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 and 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 (collectively "the Contracts"), the defendant was required to pay plaintiff (i) all costs of administering certain heath care as specified in the Contracts, in amounts determined pursuant to 25 U.S.C. § 450j-1(a)(1) (referred to herein as "direct program costs") and (ii) all "contract support costs" required by plaintiff to manage the Contracts and ensure compliance with all contract requirements and applicable federal law, in amounts determined pursuant to 25 U.S.C. § 450j-1(a)(2), (3) and (5).

(2) Whether, under the Contracts, the Tribes' Indirect Cost Negotiation Agreement, and the Indian Self Determination Act, defendant was required in fiscal year 1993 to pay plaintiff, as indirect contract support costs, the amount determined by multiplying plaintiff's

direct program costs paid under the Contracts (less certain exclusions) by plaintiff's fiscal year 1993 indirect cost rate of 56.2%.

(3) Whether in fiscal year 1993 defendant failed to pay in full the indirect costs plaintiff was entitled to receive under the Contracts and the Indian Self-Determination Act.

(4) Whether plaintiff submitted a timely and properly certified claim to defendant to recover damages arising out of the events described in plaintiff's Complaint.

Defendant's Issues:

(1) Whether the Limitation of Cost provision in Contract No. 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 and Contract No. 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, which provides that "the total cost to the Government, including all direct and indirect costs for the performance of this contract," shall not exceed a specific amount, expressly limits the total amount of direct and indirect costs owed to plaintiff and, therefore, because plaintiff received the full amounts specified, it is not entitled to additional monies according to the plain language of the contracts.

(2) Whether plaintiff is entitled to additional funds under the contracts pursuant to its Indirect Cost Negotiation Agreement, where plaintiff did not negotiate an adjustment to the indirect cost rate in future years pursuant to the Fixed Rates provision of the agreement, which provides that, in the event actual indirect costs were greater than estimated indirect costs, "an adjustment will be made to future year(s) rate to compensate for the difference between the costs used to establish the fixed rate and actual costs."

(3) Whether plaintiff's claim is barred by the equitable doctrine of laches where plaintiff seeks indirect costs upon program activities in 1993, but waited until September 6, 2001 to file a claim with the contracting officer for such indirect costs.

(4) Whether 25 U.S.C. § 450j-1(a)(2), which provides that contract support costs shall consist of "the reasonable costs for activities which must be carried on by a tribal organization," requires the Government to pay plaintiff additional funds under the contracts at issue where such contracts include a Limitation of Cost clause agreed to by both parties, which expressly limits the total amount of direct and indirect costs owed to plaintiff.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties intend to engage in settlement discussions and will make every effort to resolve this case amicably. The parties will pursue settlement negotiations as the litigation progresses. The parties have also agreed to consider, at an appropriate time, whether to pursue alternative dispute resolution.

j. Do the parties anticipate proceeding to trial?

As stated above, after sufficient discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, or the parties are unable to negotiate a settlement agreement, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there other information of which the Court should be aware at this time?

No.

m. Joint Proposed Scheduling Plan

The parties agree that initial disclosures will be made on or before February 23, 2006. The parties agree that written and document discovery will be completed by April 17, 2006. The parties agree that depositions will be completed by June 16, 2006.

CONCLUSION

The parties respectfully request that the Court approve the schedule proposed above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ DONALD E. KINNER
DONALD E. KINNER
Assistant Director

S/ LLOYD B. MILLER
LLOYD B. MILLER
Attorney
Sonosky, Chambers, Sachse,
Miller & Munson, LLP
900 West 5th Avenue, Ste. 700
Anchorage, AK 99501
Tel.: (907) 258-6377
Fax.: (907) 272-8332

January 26, 2006

Attorney for Plaintiff

S/ KELLY B. BLANK
KELLY B. BLANK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W.
Washington, D.C. 20530
Tele: (202) 353-7578
Fax: (202) 353-7988

January 26, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 26, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK